[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2011
JOHN LEY
CLERK

No. 10-14438
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00149-JDW-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDY EDUARDO DELEON-ARGUETA,
a.k.a. Edy De Leon-Argueta,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 17, 2011)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Edy Eduardo DeLeon-Argueta appeals his 15-month sentence following his convictions for being found in the United States after having been deported, in violation of 8 U.S.C. § 1326(a), (b)(1), and for entering the United States at a time and place other than designated by immigration officers, in violation of 8 U.S.C. § 1325(a)(1). On appeal, DeLeon-Argueta argues that his sentence is substantively unreasonable in light of his personal history and background.[1]

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010), *petition for cert. filed*, (U.S. Nov. 24, 2010) (No. 10-727). The appellant has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).[2] In any given case, there is a range of reasonable sentences from

---

[1] Deleon-Artuega concedes that his sentence is procedurally reasonable.

[2] The § 3553(a) factors are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed . . . treatment;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range . . .;

which the district court may choose. *Irey*, 612 F.3d at 1189. Therefore, we will only remand a sentence when the district court commits "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (quotation omitted). A sentence within the guidelines range will ordinarily be deemed a reasonable one. *Talley*, 431 F.3d at 788.

The district court acknowledged DeLeon-Argueta's experiences in the Guatemalan army, but chose to give that factor less weight due to the passage of approximately 15 years. Instead, the court stated that the crimes of conviction were serious in light of the fact that DeLeon-Argueta continued to reenter the United States illegally, and, once he reentered, he committed crimes involving assault, drug possession, and resisting arrest, to name a few. Given these circumstances, the district court reasonably put more weight on the sentencing factors of adequate deterrence and the protection of the public, and a sentence of time served would not have accomplished those sentencing objectives. *See* 18 U.S.C. § 3553(a)(2). The resulting 15-month sentence is within the guidelines

---

        (5) any pertinent policy statement . . .;
        (6) the need to avoid unwarranted sentence disparities . . .; and
        (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

range, and well below the statutory maximum penalty of 10 years' imprisonment. *See Talley*, 431 F.3d at 788; *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that the sentence was reasonable in part because it was well below the statutory maximum). Although DeLeon-Argueta argues that a six-month sentence of time-served would have been reasonable, there is a range of reasonable sentences from which the district court may choose, and DeLeon-Argueta has not shown that the court's weighing of the § 3553(a) factors to arrive at a 15-month guidelines sentence was unreasonable. *Irey*, 612 F.3d at 1189; *Talley*, 431 F.3d at 788. Accordingly, we affirm.

**AFFIRMED.**[3]

---

[3] DeLeon-Argueta's request for oral argument is denied.